IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:12-CR-15 (WLS) |
| | : | |
| AL J. HURLEY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant Al J. Hurley's Motion for Bond Pending Appeal (Doc. 85) and Motion to Expedite Consideration of Motion for Bond Pending Appeal (Doc. 91). Defendant filed this Motion pursuant to 18 U.S.C. § 3143(b) seeking release pending appeal of his convictions and sentence. (Doc. 85 at 2.) This Court, having fully considered Defendant's Motion (Doc. 85) and Brief in Support (Doc. 87), and the Government's Response (Doc. 92), and the arguments therein, finds that Defendant's Motion for Bond Pending Appeal (Doc. 85) should be **DENIED.** Similarly, Defendant's Motion to Expedite Consideration of Motion for Bond Pending Appeal (Doc. 91) is **DENIED AS MOOT.**

I.  BACKGROUND

Defendant Al J. Hurley was tried before a jury in November 2012 on a three-count Indictment charging Defendant with one count of attempted Hobbs Act extortion under color of official right in violation of 18 U.S.C. § 1951, one count of federal program bribery in violation of 18 U.S.C. § 666(A)(1)(B), and one count of making a false statement to the FBI in violation of 18 U.S.C. § 1001(a)(2). On December 3, 2012, the jury returned a verdict of Guilty on the Hobbs Act charge (Count One) and the federal

1

program bribery charge (Count Two), and of Not Guilty on the false statement charge (Count Three).  (Doc. 50.)

On June 12, 2013, this Court sentenced Defendant to 36 months imprisonment on each count to run concurrently for a total term of imprisonment of 36 months; a two-year period of supervised release; and a mandatory assessment fee of $100 per count for a total of $200.  (Doc. 79.)  The Court entered its Judgment on June 24, 2013.  (Doc. 81.)  The Court ordered Defendant's voluntary surrender.  (Docs. 78 at 1, 81 at 2.)  Defendant has filed a Notice of Appeal of his conviction and sentence.  (Doc. 83.)  Defendant has also filed the instant motion seeking release from custody pending appeal. (Doc. 85.)

## II.   The Parties' Arguments

In moving for his release pending appeal, Defendant relies on 18 U.S.C. § 3143(b)(1), which provides for release pending appeal if the Court finds that: (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  Defendant argues that all factors are satisfied, thereby justifying his release pending appeal.

Recognizing that his release pending appeal will likely depend on whether a "substantial question of law or fact" is presented by his appeal, Defendant alleges three "issues that have been preserved for appellate review which will likely result in a reversal of Mr. Hurley's conviction and [sentence.]"  (Doc. 85 at 1.)  The issues raised are

that Defendant should have been granted a directed verdict of acquittal as to Count One because evidence established that Defendant was not acting under color of official right at the time of accepting the improper payment and there was insufficient evidence to find the payments affected interstate commerce, and that the evidence at trial materially varied from the allegations in the indictment. (*Id.* at 1-2.)

In its response, the Government concedes that as to the first factor, Defendant does not pose a risk of flight or a physical danger. (Doc. 92 at 3.) The Government continues, however, that Defendant has failed to "establish that his appeal raises 'substantial' questions of law or fact that are 'likely' to result in one of the enumerated remedies under the statute." (*Id.* at 3.) In support of this contention, the Government argues that Defendant makes substantially the same arguments he made in his motions for judgment of acquittal and for a new trial, which were denied by this Court, and does not support his arguments with case law. (*Id.*)

### III.   Discussion

#### Standard for Release Pending Appeal

This Court will address only the parties' arguments regarding whether Defendant's appeal raises a substantial question of law or fact likely to result in a reversal or new trial because the parties have conceded Defendant does not pose a flight risk or danger to the community and the Government does not argue that the appeal is intended for delay. *See* 18 U.S.C. § 3143(b)(1). (Doc. 92.)

To be released on bond pending appeal, the defendant must demonstrate that the appeal raises a substantial question of law or fact, and a favorable ruling on that question would result in reversal or an order for a new trial. *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir. 1985) (citing *United States v. Miller*, 753 F.2d 19, 23-24 (3d

Cir. 1985)).   A substantial question is one that is "either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  *Miller*, 753 F.2d at 23.  Also, it cannot be a question that is "so patently without merit that it has not been found necessary for it to have been resolved."  *Giancola*, 754 F.2d at 901.  It is one that is "a 'close' question or one that very well could be decided the other way... Whether a question is 'substantial' must be determined on a case-by-case basis."  *Id.*

The "likely to result in reversal" language requires a showing that a favorable ruling on the question would go to the "ultimate disposition of the appeal."  *Id.* (citing *Miller*, 753 F.2d at 23).  The issue must be "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial."  *Id.* (citing *Miller*, 753 F.2d at 23).  It cannot be based on harmless error.  *Id.* (citing *Miller*, 753 F.2d at 23).  The defendant bears the burden of establishing the requirements necessary for bond pending appeal pursuant to 18 U.S.C. § 3143(b)(1).  *Giancola*, 754 F.2d at 901.

**Analysis of Defendant's Motion for Bond Pending Appeal**

In his Motion for Bond Pending Appeal, Defendant lists three "issues ... which will likely result in a reversal of Mr. Hurley's conviction and [sentence.]"  (Doc. 85 at 1.)  The first two issues raised by Defendant allege that the evidence was insufficient to support a conviction under 18 U.S.C. § 1951.  "An extortion conviction under the Hobbs Act requires proof that (1) the defendant induced his victim to part consensually with property (2) either through the wrongful use of actual or threatened force, violence or fear or under color of official right (3) in such a way as to adversely affect interstate commerce."  *United States v. Smalley*, 754 F.2d 944, 947 (11th Cir. 1985).  As to the

4

second element, Defendant was charged with attempted extortion under color of official right.  (Doc. 1 at 1.)

The first issue Defendant raises alleges that he was entitled to a directed verdict on Count One because there was insufficient evidence that he was acting under color of official right when he accepted payment from Terrence Parker.  (Doc. 85 at 2.)  Defendant argues that the evidence was insufficient in this regard because the "proposed racetrack is a private endeavor and the Board of Commissioners did not have the ability to obstruct or facilitate construction of that project."  (Doc. 87 at 10.)  This argument was previously made by Defendant in his Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, for a New Trial.  (Doc. 63 at 1 ¶ 3).  As noted in this Court's Order addressing that Motion (Doc. 76), for a conviction under 18 U.S.C. § 1951(a), the Government need not prove that each distinct payment is linked to a specific promise to perform a specific action.  *Evans v. United States*, 504 U.S. 255, 273 (1992).  Instead, the Government need only demonstrate that payments were made in return for Defendant's promise to take actions in his official capacity.  *United States v. Martinez*, 14 F.3d 543, 553 (11th Cir. 1994).

At trial, the jury was presented with recorded statements of the Defendant where he agreed to direct county work in exchange for bribes.  (Doc. 52-1 at 2-3.)  The jury also heard Defendant agreeing to receive a percentage of the contract amount from Parker once a contract was awarded (*Id.* at 3), providing details of a $100,000 county project (Doc. 52-2 at 1), and engaging in a conversation that led to a negotiated bribe of $5,000 (*Id.* at 2-3).  The jury heard a variety of other conversations where Defendant discussed other measures he would take to direct county work to Parker.  (Docs. 52-3 at 3, 6, 7, 11, 12, 17; 52-4 at 6; 52-5 at 5; 52-6 at 1-2, 4; 52-9 at 1-2.)  Based on this evidence, the Court

5

finds that there is sufficient evidence that Defendant was acting under color of official right.  Therefore, this ground does not raise a "substantial question of law or fact likely to result in [reversal or a new trial.]"  *See* 18 U.S.C. § 3143(b)(1)(B).

The second ground of contention raised by Defendant alleges that there was insufficient evidence introduced at trial to support a finding that the Defendant's acceptance of payments from Taylor affected interstate commerce.  (Doc. 85 at 2.)  However, Defendant does not address this ground in his Brief in Support of Motion for Bond Pending Appeal.  (*See* Doc. 87.)  This argument was previously made by Defendant in his Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, for a New Trial.  (Doc. 63 at 1 ¶ 4).  As noted in this Court's Order addressing that Motion (Doc. 76), "the interstate nexus may be demonstrated by evidence of potential impact on interstate commerce, or by evidence of actual, de minimis impact."  *United States v. Farrell*, 877 F.2d 870, 875 (11th Cir. 1985) (citations omitted).

The jury heard testimony from the current Sumter County Administrator, William Twomey, affirming that county contracts often involve out-of-state contractors, the acquisition of out-of-state materials, and use of out-of-state transportation.  (*See* Doc. 48).  Mr. Twomey further testified that a current county contract for a courthouse attracted out-of-state contractors.  (*Id.*)  This is sufficient evidence to support a jury finding that Defendant's acceptance of payment from Taylor affected interstate commerce.  As such, this ground does not raise a "substantial question of law or fact likely to result in [reversal or a new trial.]"  18 U.S.C. § 3143(b)(1)(B).

The third ground raised by Defendant that is allegedly likely to result in reversal is that the evidence at trial was materially varied from the allegations in the indictment.

(Doc. 85 at 2.)  This argument was previously made by Defendant in his Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, for a New Trial.  (Doc. 63 at 2 ¶ 7).  As noted in this Court's Order addressing that Motion, the "evidence at trial [did not] establish[] facts materially different from those alleged in the Indictment."  (Doc. 76 at 16 n.7).  *See United States v. Reed*, 980 F.2d 1568, 1581 (11th Cir. 1993).  The Indictment charged that Defendant "engaged in a course of conduct, whereby Defendant Hurley solicited [Parker] to consent to provide cash payments, including $5,000 on or about October 23, 2011, and $15,000 on or about December 19, 2011 … in exchange for Defendant Hurley's promised official action and influence as a County Commissioner to facilitate the award of Sumter County contracting work to [Parker]."  (Doc. 1 at 2.)  As noted above, *supra* pp. 5-6, the evidence presented at trial did not deviate from the allegations contained in the Indictment.

For a reversal based on material variance, this Court would need to find that a material variance occurred and that Defendant suffered substantial prejudice as a result. *See United States v. Prince*, 883 F.2d 953, 959 (11th Cir. 1989).  The Court finds that, for the reasons stated above, no material variance occurred and, therefore, no "substantial question of law or fact likely to result in [reversal or a new trial,]" 18 U.S.C. § 3143(b)(1)(B), is presented by Defendant's third ground.

7

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Bond Pending Appeal (Doc. 85) should be **DENIED.** Similarly, Defendant's Motion to Expedite Consideration of Motion for Bond Pending Appeal (Doc. 91) is **DENIED AS MOOT.**

**SO ORDERED**, this  16th  day of August, 2013.

                 /s/ W. Louis Sands
                 **THE HONORABLE W. LOUIS SANDS,**
                  **UNITED STATES DISTRICT COURT**